IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WOODROW MILLER, } | |
| TDCJ-CID NO. 1535217, } | |
|     Petitioner, } | |
| v. } | CIVIL ACTION NO. H-09-0337 |
| } | |
| NATHANIEL QUARTERMAN, } | |
|     Respondent. } | |

OPINION ON DISMISSAL

By this petition, *pro se* state inmate Woodrow Miller has filed a federal habeas petition seeking relief under 28 U.S.C. §2254 for a conviction in the 230th Criminal District Court of Harris County, Texas, for indecency with a child by contact in cause number 876249. (Docket Entry No.1). Petitioner has also filed a "Motion to Hold Claims Exhausted or in the Alternative for Stay and Abeyance." (Docket Entry No.4). For the reasons to follow, the Court will deny petitioner's motion to stay and abate the pending federal habeas action and dismiss his petition for non-exhaustion.

CLAIMS

Petitioner's pleadings and public records reflect the following: On May 20, 2002, petitioner entered a negotiated plea of *nolo contendere* to the offense of indecency with a child by contact, for which he was placed on seven years deferred adjudication community supervision. (Docket Entry No.1). Petitioner challenged the Order Deferring Adjudication of Guilt by filing two direct appeals. (*Id.*). The first appeal was dismissed on petitioner's motion. *Miller v. State*, No.14-04-00740-CR, 2004 WL 2187136 (Tex. App.—Houston [14th Dist.] pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review from

1

the appellate order of dismissal on October 26, 2005. The second appeal was dismissed for want of jurisdiction. *Miller v. State*, No.14-06-00293-CR, 2006 WL 1140661 (Tex. App.—Houston—[14th Dist.] 2006, pet. ref'd). The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review from the second dismissal on November 8, 2006. (Docket Entry No.1). Petitioner did not seek a petition for writ of *certiorari* from either appeal. (*Id.*).

Petitioner filed his first state habeas application pursuant to Article 11.072 of the Texas Code of Criminal Procedure in state district court on September 8, 2006. (Docket Entry No.1). The state district court orally denied the application without a hearing on December 14, 2006, and entered written Findings of Fact and Conclusions of Law on June 1, 2007. *Ex parte Miller*, No.14-07-00532-Cr, 2008 WL 1795053 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). In affirming the state district court's habeas findings, the state appellate court refused to address the merits of petitioner's claims that could have been brought on direct appeal and denied his claim that his trial counsel was ineffective on the merits. *Id.* The Texas Court of Criminal Appeals refused his petition on discretionary review from this appeal on October 1, 2008. (Docket Entry No.1). On October 17, 2008, the state district court revoked petitioner's community supervision, adjudicated his guilt for the offense of indecency with a child by contact, and sentenced him to four years in the Texas Department of Criminal Justice-Correctional Institutions Division. (*Id.*).

The state district court, sitting as a habeas court, denied petitioner's second, third, and fourth state habeas applications as frivolous pursuant to section 7(a) of Article 11.072 of the Texas Code of Criminal Procedure on March 3, 2008, August 25, 2008, and October 30, 2008, respectively. (Docket Entry No.1-2, page 20). Petitioner indicates that on October 17, 2008, he

filed a notice of appeal from the Order adjudicating his guilt; he also claims that he has filed a notice of appeal from the denial of his state habeas applications. (Docket Entries No.1, No.1-5, page 10).

Petitioner executed the pending petition on January 21 2009. (Docket Entry No.1). He seeks federal habeas relief on grounds related to his original plea and the Order Deferring Adjudication of Guilt, which he claims to be exhausted. (Docket Entry No.1, grounds 1-17). He also seeks federal habeas relief on numerous grounds that he acknowledges are unexhausted. (Docket Entries No.1, grounds 18-29; No.8, grounds 1-6).

DISCUSSION

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254 (b)(1)(B).

In Texas, a defendant placed on deferred adjudication community supervision may raise issues related to the original plea proceeding, such as evidentiary sufficiency, in an appeal taken when deferred adjudication is first imposed. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon 2006); *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

A defendant placed on deferred adjudication community supervision may also challenge the legal validity of the conviction for which community supervision was imposed or the conditions of community supervision by means of a state habeas application unless the defendant could obtain the requested relief by means of an appeal.  TEX. CODE CRIM. PROC. ANN. art. 11.072, §§ 2, 3 (Vernon 2005).  If the state habeas application filed pursuant to article 11.072 is denied, the defendant has a right to appeal to the Texas appellate courts and to petition the Texas Court of Criminal Appeals for discretionary review.  *See Ex parte Villanueva*, 252 S.W.3d 391, (Tex. Crim. App. 2008).  Once the State has moved to adjudicate guilt, no appeal may be taken from the trial court's determination to adjudicate guilt, unless the appeal challenges the jurisdiction of the court.  *See Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon 2006); *Doleac v. Michalson*, 264 F.3d 470, 492 (5th Cir. 2001) (holding that there is no constitutional right to appellate review even in criminal cases); *Griffin v. Illinois*, 351 U.S. 12, 18 (1955) ("[A] State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all").  The defendant, however, may seek relief from the final conviction by filing a state habeas application pursuant to article 11.07 of the Texas Code of Criminal Procedure.  *Rodriguez v. State*, 972 S.W.2d 135, 140 (Tex. App.—Texarkana, 1998), *aff'd*, 992 S.W.2d 483 (Tex. Crim. App. 1999).

In this case, the Texas courts did not reach the merits of the grounds petitioner raised on direct appeal from the imposition of deferred adjudication community supervision. *Miller v. State*, No.14-04-00740-CR, 2004 WL 2187136 (Tex. App.—Houston [14th Dist.] pet. ref'd); *Miller v. State*, No.14-06-00293-CR, 2006 WL 1140661 (Tex. App.—Houston—[14th Dist.] 2006, pet. ref'd).  Therefore, petitioner's claims regarding the dismissal of his appeal and the conditions of his community supervision were not exhausted.

Likewise, the Texas courts did not address the merits of most of the claims raised in his first state habeas application pursuant to article 11.072[1] because such claims could have been brought on direct appeal. *See Ex parte Miller*, No.14-07-00532-CR, 2008 WL 1795053 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). The Texas courts did, however, address two issues that petitioner challenged on appeal from the denial of his state habeas application, *i.e.*, the denial of trial counsel and the ineffectiveness of trial counsel. *Id.* In affirming the first state habeas application, the Texas appellate courts found that petitioner was not deprived of counsel at trial and that he failed to show that his trial counsel rendered constitutionally ineffective assistance. *Id.*

Although petitioner has filed three other state habeas applications, which have been denied as frivolous, petitioner's pleadings and exhibits show that the Texas appellate courts have not ruled on the merits of these applications.[2] Therefore, the issues raised in these applications are unexhausted. Moreover, petitioner does not indicate, and public records do not show, that he has sought state habeas relief pursuant to article 11.07 of the Texas Code of Criminal Procedure following the adjudication of his guilt. Petitioner's pleadings show that he has exhausted only two claims in the state courts. Because state process remains available, petitioner does not satisfy any statutory exception to the exhaustion doctrine.

A federal district court, however, has discretion to stay a mixed habeas petition, which contains both exhausted and unexhausted claims, to allow the petitioner to exhaust the unexhausted claims in state court if the petitioner has good cause for his failure to exhaust, the

---

[1] The appellate court did not reach the merits of petitioner's claims regarding the sufficiency of the evidence to support the order of deferred adjudication community supervision, sufficiency of the evidence to show that he signed a jury waiver, the state court's subject matter jurisdiction, the authority of the state district judge to sign the order of deferred adjudication community supervision and the dismissal of his direct appeal. *Ex parte Miller*, No.14-07-00532-CR, 2008 WL 1795053 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (denying claims that could have been raised on direct appeal).

[2] In fact, it is not clear that petitioner has affected an appeal to these courts with respect to these applications.

unexhausted claims are potentially meritorious, and there is no indication that petitioner engaged in intentionally dilatory tactics. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). In this case, good cause does not exist to stay and abate the pending petition. Petitioner requests the Court to hold in abeyance the unexhausted claims arising from the trial court's adjudication of guilt on October 17, 2008, and the trial court's denial of habeas relief in his second, third, and fourth state applications on grounds that the state courts have treated him with bias due to the nature of the charge against him and have prevented him from appealing the adjudication of guilt on October 17, 2008, and the denial of his third and fourth state habeas applications. (Docket Entry No.4). Petitioner's pleadings and exhibits plainly show that the Texas courts have not yet had an opportunity to address the unexhausted issues raised in the pending petition. In such case, a stay merely rewards petitioner for his failure to seek state relief pursuant to article 11.07 and prolongs federal habeas review to no avail, contravening AEDPA's goal of "finality and speedy resolution of federal petitions." *Rhines*, 544 U.S. at 278. Accordingly, this case is subject to dismissal for failure to exhaust[3] and petitioner's "Motion to Hold Claims Exhausted or in the Alternative for Stay and Abeyance" will be denied.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

---

[3] The federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted); *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

## CONCLUSION

Based on the foregoing, the Court ORDERS

1. Petitioner's federal habeas action is DISMISSED WITHOUT PREJUDICE for failure to exhaust.

2. A certificate of appealability is DENIED.

3. All pending motions are DENIED.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 16th day of July, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE